United States Court of Appeals,

Fifth Circuit.

No. 93-1390.

Leroy GRIFFIN, Plaintiff-Appellant,

v.

CITY OF DALLAS, Defendant-Appellee.

July 26, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before JOHNSON, GARWOOD, and JOLLY, Circuit Judges.

SAM D. JOHNSON, Circuit Judge:

Appellant Leroy Griffin, a Dallas, Texas, police officer filed a Title VII charge against the City of Dallas on May 14, 1990, claiming that the Dallas Police Department had wrongfully discharged him. Mr. Griffin, an African American, filed this discrimination charge with the Equal Employment Opportunity Commission ("EEOC" or "Commission") 275 days after his discharge. The EEOC later issued Mr. Griffin a right-to-sue letter. Mr. Griffin thereafter brought this cause of action against the city in the federal district court for the Northern District of Texas. The City of Dallas moved for summary judgment. It argued that Mr. Griffin's claim was untimely, having been filed outside the 180-day time frame outlined in section 706(e) of the Civil Rights Act. The district court agreed and granted summary judgment in the city's favor. Mr. Griffin appeals. We now reverse and remand for trial on the merits.

I. Background

1

The Dallas Police Department hired Leroy Griffin as a police officer on August 31, 1973. Almost sixteen years later, on July 28, 1989, the city terminated Mr. Griffin's employment. Mr. Griffin attributed his dismissal to his race, as opposed to any misconduct. He therefore filed a charge of race discrimination with the EEOC on May 14, 1990—275 days after his discharge. Although Mr. Griffin did not physically file a charge with the Texas Commission on Human Rights ("TCHR"), he addressed his charge to both the EEOC and the TCHR and marked a box which stated, "I also want this charge filed with the EEOC." The EEOC notified Mr. Griffin of his right to sue the city on February 11, 1992. On May 6, 1992, Mr. Griffin commenced this race discrimination action in federal district court.

The City of Dallas filed a motion for summary judgment, contending that section 706(e) of Title VII required Mr. Griffin to file his claim with the EEOC no later than 180 days after the alleged unlawful dismissal. Because Mr. Griffin filed his claim with the EEOC 275 days after his dismissal—ninety-five days beyond that 180-day limitations period—the city argued that Mr. Griffin's claim was time-barred.

Counsel for Mr. Griffin directed the district court to that part of section 706(e) which extends the limitations period to 300 days if a claim is also filed with a state or local fair employment practice ["FEP"] agency. Mr. Griffin's counsel proffered a Worksharing Agreement in which the TCHR had designated the EEOC as its agent for receiving Title VII claims. In that same agreement,

2

the TCHR waived jurisdiction over any Title VII charges filed with the EEOC after 180 days but before 300 days after the date of the alleged Title VII violation.  Mr. Griffin contended that under the Worksharing Agreement, the filing of his claim with the EEOC constituted a filing of the claim with the TCHR and triggered the section 706(e), 300-day limitations period.  The district court disagreed.  It therefore granted the city's motion for summary judgment.  Mr. Griffin appeals.

## II. Discussion

*A. Compliance with Section 706(e)—Institution of State Proceedings*

This is the fourth in a series of cases in which this Court has been called upon to delineate the relationship between the TCHR and the EEOC and, in light thereof, to define the limitations requirements of section 706(e) of the Civil Rights Act.  Section 706(e) reads, in pertinent part, as follows:

> A charge under this section shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred ..., except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed [with the EEOC] by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred.

42 U.S.C. § 2000e-5(e)(1).  Under the clear terms of this statute, a charge of discrimination must be filed with the EEOC within 180 days after the occurrence of the alleged discriminatory practice unless the complainant has instituted proceedings with a state or local FEP agency.  If the complainant has instituted state or local

3

proceedings, the limitations period for filing such a charge with the EEOC extends to 300 days.

In *Mennor v. Fort Hood National Bank,* this Court ruled that the 300-day filing period set forth in section 706(e) applies regardless whether state proceedings are timely filed under state or local law. 829 F.2d 553, 554 (5th Cir.1987). In our second section 706(e) case, *Urrutia v. Valero Energy Corp.,* we held that a nominal filing with the proper state or local agency is all that is required to institute proceedings under the terms of section 706(e). 841 F.2d 123, 125 (5th Cir.1988), *cert. denied,* 488 U.S. 829, 109 S.Ct. 82, 102 L.Ed.2d 59. We decided in *Urrutia* that this nominal-filing requirement was satisfied when the EEOC transmitted a copy of the charge to the TCHR. We concluded that the complaint there, filed with the EEOC within the 300-day period set forth in section 706(e), was timely. *Id.* We reaffirmed our *Urrutia* holding one year later in *Washington v. Patlis,* 868 F.2d 172 (5th Cir.1989).

In this, the fourth section 706(e) case, we must determine whether the EEOC's acceptance of Mr. Griffin's discrimination charge satisfied *Urrutia*'s nominal-filing requirement and instituted proceedings with the TCHR. Because the EEOC received Mr. Griffin's charge as TCHR's agent, we hold that the EEOC's acceptance of that charge satisfied both requirements.

In August 1989, the TCHR and the EEOC entered a Worksharing Agreement which was designed "to minimize duplication of effort in the processing of charges and to achieve maximum consistency of

4

purpose and results."[1]  Worksharing Agreement § 1(a).  The TCHR designated the EEOC as its limited agent for receiving charges in section 2(a) of the Worksharing Agreement:  "The [TCHR] by this agreement designates and establishes the EEOC as a limited agent of the [TCHR] for the purpose of receiving charges on behalf of the [TCHR] and EEOC agrees to receive such charges."  Worksharing Agreement § 2(a).

Under the plain terms of this agreement, when Mr. Griffin filed his discrimination complaint with the EEOC—a complaint which was also addressed to the TCHR—the EEOC accepted that complaint, not only for its own purposes, but also for the purposes of the TCHR.  Hence, upon the EEOC's receipt of the complaint, the TCHR, for all legal and practical purposes, received the complaint.  As in *Urrutia,* we hold here that once the TCHR received Mr. Griffin's complaint, even if only nominally, proceedings were instituted within the meaning of section 706(e).  The institution of state proceedings extended the statute of limitations to 300 days.

*B. Compliance with Section 706(c)—Termination of State Proceedings*

---

[1]Congress empowered the EEOC to enter into such agreements in the Civil Rights Act.  42 U.S.C. § 2000e-4(g)(1) states that the EEOC "shall have power to cooperate with and, with their consent, utilize regional, State, local, and other agencies, both public and private, and individuals."  Section 2000e-8(b) expands upon the authority granted in § 2000e-4(g)(1).  That section provides that the EEOC "may enter into written agreements with such State or local agencies and such agreements may include provisions under which the Commission shall refrain from processing a charge in any cases or class of cases specified in such agreements or under which the Commission shall relieve any person or class of persons in such State or locality from requirements imposed under this section."  42 U.S.C. § 2000e-8(b).

5

Although we hold that proceedings were, in fact, instituted by the *TCHR* pursuant to section *706(e),* that finding does not end our inquiry. We must next determine whether Mr. Griffin instituted proceedings with the *EEOC* pursuant to section *706(c).* While it is true that Mr. Griffin physically presented a written claim of discrimination to the EEOC in its Dallas, Texas, office, section 706(c) provides that no charge may be filed with the EEOC unless one of two events occurs: 1) the expiration of sixty days after state or local proceedings were instituted or 2) the termination of those state or local proceedings. When the EEOC receives a charge prior to the expiration of the sixty days and prior to the termination of the state or local proceedings, the EEOC merely holds that charge in " "suspended animation' " until one of the two triggering events transforms the *receipt* of the charge into the *filing* of the charge. *Equal Employment Opportunity Commission v. Commercial Office Products Co.,* 486 U.S. 107, 111, 108 S.Ct. 1666, 1669, 100 L.Ed.2d 96 (1988) (quoting *Love v. Pullman Co.,* 404 U.S. 522, 525-26, 92 S.Ct. 616, 618-19, 30 L.Ed.2d 679 (1972)).

In this case, as in *Washington v. Patlis,* sixty days beyond the initiation of the state proceedings extends past the 300-day limitations period. Mr. Griffin's complaint, therefore, if at all timely, can so be only if the state proceedings were terminated before the 300-day limitations period expired. Upon review of the TCHR-EEOC Worksharing Agreement and applicable case law, we find that the state proceedings were instantaneously terminated upon Mr. Griffin's filing of his charge with the EEOC.

6

The TCHR waived its exclusive jurisdiction over Mr. Griffin's charge, indeed over "[a]ll charges covered under Title VII which [were] received by EEOC beyond 180 days but before 300 days after the date of the alleged violation." Worksharing Agreement §§ 4(c)(7), 4(d). The TCHR additionally conferred upon the EEOC exclusive responsibility for such charges. *Id.* at § 4(c)(7). In *Urrutia,* this Court recognized that the waiver provision there became effective when the parties entered the Worksharing Agreement. *See Urrutia,* 841 F.2d at 125 ("Under terms of the Worksharing Agreement, the TCHR *had already* agreed that the EEOC was to have exclusive responsibility for processing all claims filed between 180 days and 300 days after alleged violations of Title VII." (emphasis added)). The State therefore needed to do nothing more to execute its waiver.

Determining the effect of such waiver provisions, the Supreme Court, in *Commercial Office Products,* ruled that a state FEP agency's waiver of its exclusive jurisdiction over discrimination charges accomplishes three things: A waiver effectively terminates state proceedings within the meaning of section 706(c). It allows the EEOC to deem the charge filed, and it permits the EEOC to process the charge immediately. 486 U.S. at 112, 108 S.Ct. at 1669-70. In light of our ruling in *Urrutia* and the Supreme Court's decision in *Commercial Office Products,* we now hold that the TCHR's waiver of jurisdiction over Mr. Griffin's charge, and indeed over all charges filed after 180 days but before 300 days following the alleged discriminatory event, was self-executing. The waiver

7

instantaneously transformed the EEOC's *receipt* of Mr. Griffin's charge into a *filing* of that charge and authorized the EEOC to initiate proceedings on that charge immediately.

Our holding is consistent with the EEOC's construction of waiver provisions in such Worksharing Agreements. In the regulations which interpret its Title VII authority, the Commission has determined that when a discrimination charge "on its face constitutes a charge within a category of charges over which the FEP agency has waived its rights to the period of exclusive processing ..., the charge is deemed to be filed with the Commission upon receipt of the document." 29 C.F.R. § 1601.13(a)(4)(ii)(A). According to the EEOC, "[s]uch filing is timely if the charge is received within 300 days from the date of the alleged violation." *Id.*

This construction is in consonance with the purposes of Title VII. As the *Commercial Office Products* Court recognized, Congress created the sixty-day, exclusive-jurisdiction period to afford states the first opportunity to handle discrimination complaints which arise within their provinces. 486 U.S. at 118, 108 S.Ct. at 1672-73. States' jurisdiction, though exclusive, is entirely voluntary. If states do not want exclusive—or any—jurisdiction, they are free to relinquish it. The only consequence is that the EEOC may then intervene sans delay. *Id.*

Today's holding brings this Circuit in line with the Fourth, Seventh, Eighth, Ninth, and Eleventh Circuits, each of which has ruled that such waivers are self-executing, permitting the EEOC to

8

commence proceedings when the charge is filed. *See Worthington v. Union Pacific Railroad,* 948 F.2d 477 (8th Cir.1991); *Sofferin v. American Airlines, Inc., D.J.,* 923 F.2d 552 (7th Cir.1991); *Equal Employment Opportunity Commission v. Techalloy Maryland, Inc.,* 894 F.2d 676 (4th Cir.1990); *Griffin v. Air Products and Chemicals, Inc.,* 883 F.2d 940 (11th Cir.1989); *Green v. Los Angeles County Superintendent of Schools,* 883 F.2d 1472 (9th Cir.1989).

## III. Conclusion

Because the EEOC accepted Mr. Griffin's complaint as TCHR's agent, Mr. Griffin instituted state proceedings within the meaning of section 706(e) of the Civil Rights Act. The institution of those proceedings extended the limitations period to 300 days. The TCHR's waiver of its exclusive jurisdiction over Mr. Griffin's claim terminated the state proceedings when Mr. Griffin filed his claim with the EEOC. Because Mr. Griffin filed his claim within the 300-day period, the State's waiver conferred upon the EEOC the authority to process the claim immediately. The district court erred in holding otherwise.

We REVERSE and REMAND for trial on the merits.