IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-11411
Summary Calendar
_____


PATRICIA D. SHAW,

                                        Plaintiff-Appellant,

                       versus

FANNING, HARPER & MARTINSON;
MARC FANNING; JACK E. EWING,

                                        Defendants-Appellees.
_____

Appeal from the United States District Court for the
Northern District of Texas
USDC No. 3:95-CV-2862-G
_____
June 15, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     After reviewing the record and studying the briefs, we

conclude that the plaintiff has failed to adduce any evidence of

discrimination on the basis of race, sex, or pregnancy.  Nothing in

the record supports even the slightest inference that white, male,

or non-pregnant employees were treated any differently than the

plaintiff.  Responding to the plaintiff's bare allegations, the

defendants articulated a legitimate nondiscriminatory reason for

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discharging the plaintiff, namely, that the plaintiff failed to return to work following the expiration of her leave of absence under the Family Medical Leave Act ("FMLA") and that the plaintiff's position had to be filled with a full time employee for the smooth running of the defendant's operations. Indeed, the plaintiff was replaced by a black female. The summary judgment evidence produced by the plaintiff--consisting merely of affidavits from her and her doctor--makes absolutely no reference to disparate treatment of *any* sort. "It is more than well-settled that an employee's subjective belief that [s]he has suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate nondiscriminatory reason." Douglass v. United Serv. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing cases). Thus, the plaintiff's claims of discrimination on the basis of race, sex, and pregnancy were properly dismissed on summary judgment.

Summary dismissal of the plaintiff's claim of hostile work environment was likewise proper. Even assuming the plaintiff's allegations that an attorney at the firm made sexually harassing remarks on two occasions would be sufficient to sustain a hostile work environment claim, but cf. DeAngelis v. El Paso Police Officers Ass'n, 51 F.3d 591, 593-94 (5th Cir.) (describing the high evidentiary standard required to prove an objectively hostile work

environment), cert. denied, 116 S.Ct. 473 (1995), the plaintiff failed to include this claim in her EEOC complaint, which, in any event, was filed more than 300 days after any alleged harassment occurred. Thus, the plaintiff failed to exhaust her administrative remedies and, even if she had, her hostile work environment claim is time barred. As a result, summary judgment on this claim was proper. See Dollis v. Rubin, 77 F.3d 777, 781 (5th Cir. 1995) (exhaustion required); Griffin v. City of Dallas, 26 F.3d 610, 612 (5th Cir. 1994) (discrimination charge must be made within 300 days of alleged incident).

The plaintiff's newly-sprung FMLA claim, even if it were properly before the district court (which it was not), was also appropriately dismissed. An employee is entitled to return to her position under the FMLA only if she returns to work within the maximum 12-week leave period. See 29 U.S.C. § 2612; 29 C.F.R. § 825.214. The plaintiff failed to return within this time and, consequently, had no continuing right to employment. Thus, the plaintiff failed to state an FMLA violation.

Finally, for the reasons stated in its July 1, 1997 memorandum and order, the district court's denial of the plaintiff's motion to amend the complaint was not an abuse of discretion. And having properly dismissed all of the plaintiff's federal claims, the district court did not abuse its discretion in dismissing her state claims. Very little, if any, discovery had been completed, and the

plaintiff has shown no prejudice by having the case sent to state court.

For the foregoing reasons, the judgment of the district court is

A F F I R M E D.