**Lisa ADAMS, Plaintiff,**

v.

**CAL–ARK INTERNATIONAL, INC., Defendant.**

**No. 1:00–CV–441.**

United States District Court, E.D. Texas, Beaumont Division.

June 15, 2001.

---

James A. Jones, Jones & Associates, Dallas, TX, John Stephen Morgan, Snider & Morgan, Susan Jennifer Oliver, Attorney at Law, Beaumont, TX, for plaintiff.

Tanner Truett Hunt, Jr., Wells Peyton Greenberg & Hunt, LLP, Beaumont, TX, Allen C. Dobson, Cross Gunter Witherspoon & Galchus, Little Rock, AR, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SCHELL, District Judge.

This matter is before the court on Defendant's Motion for Partial Summary Judgment (Dkt.# 38), filed on March 1, 2001. Plaintiff filed her response on April

27, 2001 and Defendant filed its reply on May 14, 2001. In conjunction with its response, Defendant filed a Motion to Strike (Dkt.# 47) to which Plaintiff filed a response on May 25, 2001 and Defendant filed a reply on June 11, 2001.[1] Upon consideration of the motion for summary judgment, response, reply, and the applicable law, the court is of the opinion that the motion for summary judgment should be DENIED.

## I. BACKGROUND

This is a Title VII case alleging retaliatory discharge and hostile work environment. Additionally, Plaintiff has brought a claim for intentional infliction of emotional distress.

Plaintiff is a truck driver who began working for Cal–Ark International, Inc. ("Cal–Ark") on December 8, 1997. From some time after her employment began with Cal–Ark until the date of her termination on August 11, 1999, she was allegedly harassed by fellow drivers and other employees of Cal–Ark.[2] According to Plaintiff, she was made to feel that the only way to succeed at Cal–Ark was to become sexually involved with a dispatcher or another supervisor. Plaintiff states that when she made it known that she did not want to participate in this type of conduct, her work life was made difficult by the employees of Cal–Ark. Further, she claims that her discharge on August 11, 1999, was the result of her complaints about the alleged hostile work environment.

Defendant filed this motion for summary judgment claiming that Plaintiff's Title VII claims should be dismissed under Fed. Rule Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction because Plaintiff failed to timely file her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The court is not persuaded by Defendant's argument that summary judgment should be granted and this case be dismissed for a lack of subject matter jurisdiction based on Rule 12(b)(1). Defendant's motion focuses on the requirement in a Title VII case that a plaintiff file her charge with the EEOC within 180 days (or 300 days in Texas) of the alleged discriminatory employment practice. Defendant claims that this court lacks subject matter jurisdiction because the Plaintiff did not file her charge with the EEOC within the appropriate time period. The problem with Defendant's argument is that the EEOC filing requirement is not a jurisdictional prerequisite, but rather, is looked upon as a statute of limitations that can be subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Therefore, although Defendant has moved for a dismissal for lack of subject matter jurisdiction based upon Rule 12(b)(1), the court will view the Defendant's motion as a motion for summary judgment on the defense of limitations. Additionally, Defendant alleges that venue is not proper in the Eastern District of Texas, and therefore, the entire case

---

**1.** The motion to strike complains about an affidavit Plaintiff filed in support of her response to the motion for summary judgment. The court finds that, even absent the affidavit, sufficient evidence is in the record for summary judgment to be denied on the limitations defense. Therefore, without addressing the merits of the motion to strike, the motion is DENIED as moot.

**2.** Between May 1999 and August 8, 1999, a disagreement exists between the parties as to whether Plaintiff was an employee on a leave of absence or no longer an employee. Plaintiff contends that she was on a leave of absence and Defendant contends that Plaintiff had been released.

should be dismissed. In the alternative, Defendant requests that this court transfer this case to the Eastern District of Arkansas.[3]

## II. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *See id.* at 248, 106 S.Ct. 2505. Generally, the party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *See id.* at 247, 106 S.Ct. 2505. But, if the non-movant would have the burden of proof at trial, the movant may discharge its burden by showing that there is an absence of evidence to support the non-movant's case. *See Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. If the movant meets this burden, the movant is not required to offer evidence to negate the non-movant's claims. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885–86, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). To meet this burden,

"the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995). Once the movant has carried its burden, the party opposing summary judgment may not rely upon its pleadings but must set forth specific facts showing that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 257, 106 S.Ct. 2505.

## III. STATUTE OF LIMITATIONS

■ The issue in this case is whether the Plaintiff filed her charge with the EEOC within the appropriate time period so as not to be barred by the statute of limitations from pursuing this lawsuit. The EEOC filing requirement for Title VII cases is contained in Title 42 U.S.C. § 2000e–5(e)(1) and was intended by Congress to act as a statute of limitations. *See Zipes*, at 393–94, 102 S.Ct. 1127. Generally, that limitations period is 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1). However, in a state that provides a state or local administrative mechanism to address complaints of employment discrimination, a Title VII plaintiff must file a charge of discrimination with the state or local agency within 300 days after learning of the discriminatory conduct. *See Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir.1994). States with a state or local administrative mechanism are referred to as deferral states and those states without such an agency are referred to as non-deferral states. The Supreme Court has explained that "[a] discriminatory act which is not made the basis for a timely

---

**3.** It is important to note initially that the Defendant has not moved for summary judgment on the Plaintiff's substantive claims and

has only moved for summary judgment on the defense of limitations.

charge is the legal equivalent of a discriminatory act which occurred before the statute was passed." *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

■■■ This case involves alleged discriminatory employment practices in Arkansas and Texas. Arkansas is a non-deferral state, and therefore, a plaintiff that is subjected to employment discrimination in Arkansas has 180 days from the date of the alleged unlawful employment action to file a charge with the EEOC. Texas is a deferral state, and therefore, a claimant in Texas has 300 days from the date of the alleged discriminatory act to file her charge. *See Huckabay v. Moore,* 142 F.3d 233, 238 (5th Cir.1998).

The alleged discriminatory conduct in this case occurred sometime after December 1997 and continued until August 11, 1999, with a period of time, approximately May 13, 1999 through August 9, 1999, during which Plaintiff may not have been employed by the Defendant. Plaintiff alleges that she was subjected to a hostile work environment throughout her employment and that her discharge on August 11, 1999, was in retaliation for reporting the harassment.

In order to accurately determine the limitations issue, the court must know the exact date upon which the EEOC received the charge of discrimination. According to the evidence provided to the court, the Houston, Texas office of the EEOC received Plaintiff's charge on January 28, 2000. The court reaches this conclusion based upon a letter dated January 26, 2000, from Plaintiff's counsel to the EEOC which is stamped "received" by the Houston Office of the EEOC on January 28, 2000.[4] By letter dated February 10, 2000, the Houston Office forwarded the charge to the Little Rock, Arkansas office which received it on February 15, 2000.[5] The receipt of the charge by the Little Rock Office on February 15, 2000, is evidenced by a "received" stamp on the charge showing that date.[6]

Defendant alleges that the Plaintiff was required to file her charge with the Little Rock EEOC office in order to satisfy the statute of limitations and that the Plaintiff's filing of a charge with the Houston office was not sufficient to satisfy the filing requirement for conduct occurring in Arkansas. To that end, Defendant claims that February 15, 2000, is the operable date for all alleged acts of discrimination occurring in Arkansas since that is the date the Little Rock office received the charge. Accordingly, Defendant's position is that the Plaintiff's claims are barred by limitations because February 15, 2000, is more that 180 days after the last alleged unlawful employment act. Additionally, Defendant argues that Plaintiff's filing of her charge with the Houston EEOC office was not sufficient to initiate proceedings with the Texas Commission on Human Rights ("TCHR") and extend her limitations period to 300 days for any unlawful employment practices that occurred in Texas. And, since the 300 day period was not invoked and no acts of discrimination are alleged to have occurred in Texas with-

---

**4.** The letter stated "Please find enclosed herein the properly completed Charge of Discrimination on behalf of Lisa Adams."

**5.** This letter stated "The attached information is being transferred to your office for processing because the Respondent is located in your jurisdiction. All documents are forwarded to

the Little Rock Office have been enclosed and forwarded to your office on this date."

**6.** The court concludes that the receive stamp on the document was placed there by the Little Rock office and not by the Houston office because of the February 10th letter forwarding the charge to Little Rock.

in 180 days of the filing of the EEOC charge, Plaintiff has not timely complained of any discriminatory conduct occurring in Texas. The court disagrees with the Defendant.

■■■ The EEOC filing requirement is satisfied when the claimant files a charge "at the offices of the [EEOC]in Washington, D.C., or any of its field offices or with any designated representative of the [EEOC]." 29 C.F.R. § 1601.8. Further, charges are considered filed with the EEOC upon receipt. *See* 29 C.F.R. § 1601.13. Therefore, regardless of which EEOC office the Plaintiff filed her charge with, if the charge was filed within the limitations period, the filing was sufficient to satisfy the EEOC filing requirement. *See Freeman v. CSX Transportation Co.,* 730 F.Supp. 1084, 1086 n. 5 (M.D.Ala. 1989). Accordingly, Plaintiff was not required to file her charge with the Little Rock office. However, filing in Texas does not relieve Plaintiff of the 180 filing requirement and allow her to take advantage of the 300 day limitations period for any unlawful employment actions that occurred in Arkansas.

Absent waiver or some other equitable consideration, Plaintiff was required to file her charge within 180 days of the alleged discriminatory conduct occurring in Arkansas in order to avoid being barred by limitations on those claims. To determine if her EEOC charge was timely, the court must count back 180 days from the date the Houston office received Plaintiff's charge. Accordingly, 180 days prior to January 28, 2000 is August 1, 1999. Applying this date to the Plaintiff's allegations, the alleged retaliatory discharge and hostile work environment sexual harass-

ment that allegedly occurred on August 11 and August 9 are within the limitations period.

■■■ Defendant is incorrect in its assertion that the 300 day limitations period has not been properly invoked by the Plaintiff's filing of a charge with the EEOC, instead of directly with the Texas Commission on Human Rights ("TCHR"). This issue was decided by the Fifth Circuit in *Griffin v. City of Dallas,* 26 F.3d 610 (5th Cir.1994).[7] In *Griffin,* the plaintiff filed his claim with the EEOC 275 days after his discharge. The court held that, under the Worksharing Agreement entered into by the TCHR and the EEOC, "[u]nder the plain terms of this agreement, when [plaintiff] filed his discrimination complaint with the EEOC ... the EEOC accepted the complaint, not only for its own purposes, but also for the purposes of the TCHR." *Id.* at 612. Further, the court stated that "upon the EEOC's receipt of the complaint, the TCHR, for all legal and practical purposes, received the complaint." *Id.* at 613–14. Accordingly, Plaintiff's filing of her charge with the Houston office of the EEOC was sufficient to institute state proceedings with the TCHR and extend the limitations period to 300 days for discriminatory acts occurring in Texas. Counting back 300 days from January 28, 2000, the date after which discriminatory acts must have occurred in Texas, absent some equitable consideration, is April 3, 1999. Looking at the Plaintiff's allegations and the evidence before the court, Plaintiff has alleged and there is some evidence that some unlawful employment practices may have occurred in Texas during the limitations period.

The court finds, absent an application of the continuing violation doctrine or some

---

7. Defendant argues that *Griffin* is distinguishable partly because the *Griffin* plaintiff marked a box on the charge form which stated, "I also want this charge filed with the EEOC." However, the Defendant has overlooked the fact that the Plaintiff in this case also marked the same box. The court does not find *Griffin* distinguishable.

other equitable consideration, that Plaintiff had 180 days to file her charge of discrimination based upon events that occurred in Arkansas and 300 days upon which to file her charge based upon events that occurred in Texas. Plaintiff has alleged and shown some evidence of unlawful employment practices within the appropriate time periods in Texas and Arkansas. Therefore, summary judgment should be denied on the Defendant's limitations defense. In making this determination on this procedural defense, the court makes no findings on the Plaintiff's substantive claims.[8] Defendant moved for summary judgment solely on the issue of limitations and not on the Plaintiff's substantive claims. Finding that summary judgment is not proper on the limitations defense, the court now turns to the issue of venue.

## IV. VENUE

Since this is a Title VII case, venue is governed by the special venue provisions of the statute, not the general venue rules. *See* 42 U.S.C. § 2000e–5(f)(3). Section 2000e–5(f)(3) provides that venue in a Title VII case is proper in (1) any district in the state in which the unlawful employment practices occurred, (2) in the district in which the employment records relevant to the employment practices are maintained or administered, (3) in the district in which the plaintiff would have worked but for the alleged unlawful employment practice, or (4) if the defendant cannot be found in any of these districts, the case may be brought in the district in which the defendant has its principal office. Fur-

ther, venue is not limited to the judicial district in which the unlawful employment practices occurred if the state is a multi-district state; but venue is appropriate in any district in the state in which the unlawful employment practices occurred.[9] *See EEOC v. Mustang Mobile Homes, Inc.,* 88 F.Supp.2d 722, 724 (W.D.Tex. 1999); 42 U.S.C. § 2000e–5(f)(3). Defendant has challenged venue on the grounds that the Eastern District of Texas is not a proper venue under any of the provisions of § 2000e–5(f)(3). This court does not agree and finds that venue is proper in the Eastern District of Texas.

Under the Title VII venue provision, as it has been interpreted, venue is proper in any judicial district in the state in which an unlawful employment practice occurred. Pursuant to this standard, venue is proper in the Eastern District of Texas. Plaintiff has alleged and some evidence is in the record that she was harassed in Laredo, Austin, and at her home in Vidor, Texas. Accordingly, since Laredo, Austin, and Vidor are within the state of Texas, under the Title VII venue provision, Plaintiff may choose any district in the state to file her claim, including the Eastern District of Texas. Since venue is proper in the Eastern District of Texas, the court will not dismiss this case or transfer it to the Eastern District of Arkansas.

It is so ORDERED.

---

8. Also, the court makes no finding with regard to the parties argument concerning the continuing violation doctrine, as the court was not required to reach that issue in resolving this motion.

9. The court recognizes that when previously presented with this issue, in *Lindloff v. Schenectady Int'l,* 950 F.Supp. 183, 185 (E.D.Tex.

1996), the court, in dicta, did not reach the same conclusion. However upon reconsideration, the court is of the opinion that 42 U.S.C. § 2000e-(f)(3) does not limit venue to a specific district within a multi-district state, when unlawful employment practices occur in the state.