# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00695-CV

**Shaina Kolojaezchskyi, Appellant**

**v.**

**Marriott Fairfield Inn & Suites and JMF Partnership, L.P., Appellees**

**FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
NO. 199,416-B, HONORABLE RICK MORRIS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Shaina Kolojaezchskyi appeals from the district court's summary judgment in her suit against Marriott Fairfield Inn & Suites and JMF Partnership, L.P. ("Marriott") for employment discrimination. The judgment was based on a motion alleging that Kolojaezchskyi failed to file her administrative complaint timely and had admitted that she had no damages; the district court did not state on which basis it granted the motion.

Kolojaezchskyi raises two issues on appeal. She complains that the district court erred by granting summary judgment on her claims because sufficient evidence existed to create a fact issue as to whether she timely filed her charge of discrimination with the Texas Commission on Human Rights (TCHR) and the Equal Employment Opportunity Commission (EEOC). She also contends that there is sufficient evidence of damages to defeat Marriott's motion for summary judgment on that record. We reverse the summary judgment and remand for further proceedings.

**BACKGROUND**

In May 2002, while living at Fort Hood, Texas, Kolojaezchskyi applied for a position at the new Marriott Hotel being built in nearby Killeen. Kolojaezchskyi was about six weeks pregnant at the time of her job interview, although her pregnancy was not then apparent and was not disclosed in the interview. Kolojaezchskyi claims that, on or about June 5, 2002, Marriott's managing employee, Deannette Horner, told her during a phone conversation that she would not be hired because her pregnancy might interfere with her attendance. According to Kolojaezchskyi, Horner stated that she had "suspected" that Kolojaezchskyi was pregnant and, on this suspicion, contacted a friend who worked as a nurse at the Women's Health Clinic at Fort Hood and this nurse confirmed that Kolojaezchskyi was pregnant. By affidavit, Horner denied that she inquired about, based her hiring decision on, or even knew about Kolojaezchskyi's pregnancy. Horner stated that she did not hire Kolojaezchskyi because of questions about her work history and because the person she hired was better qualified.

On September 1, 2002, Kolojaezchskyi was beaten severely by her husband and lapsed into a coma. On September 4, she was flown from Killeen to Louisville, Kentucky, where she had family and received treatment for several months. There, she gave birth to her child two months prematurely. She signed a complaint of sexual discrimination against Marriott, which bears a notarization date of September 25, 2002. Kolojaezchskyi's counsel stated by affidavit that, on October 2, 2002, he sent a cover letter and her complaint by certified mail to both the EEOC and the

TCHR; both cover letters state that the complaint is enclosed.[1]  On October 7, 2002, her counsel received return receipts showing that the agencies received the correspondence on October 4, 2002.

The EEOC sent Kolojaezchskyi's discrimination complaint to Marriott on December 18, 2002.  The EEOC stated in this notification that it had received the complaint on December 9, 2002; an EEOC case log recorded receipt of the charge on December 9, 2002—187 days after the alleged act of discrimination occurred.

On June 26, 2003, Kolojaezchskyi's counsel sent a letter to both agencies requesting confirmation of receipt of the charge and a right-to-sue letter.  A copy of the original complaint was included with both of these requests.  The EEOC granted Kolojaezchskyi a right to sue on July 10, 2003.  On July 23, 2003, the EEOC transmitted this right to sue to the TCHR, and, on the same day, the TCHR granted Kolojaezchskyi a right to sue.  Kolojaezchskyi filed suit on August 18, 2003.

Marriott moved for summary judgment on grounds that (1) the trial court did not have jurisdiction to hear the case because Kolojaezchskyi filed her charge of discrimination more than180 days after the last date of alleged discrimination, *see* Tex. Labor Code Ann. § 21.202(a) (West 1996), and (2) there is no evidence of damages because Kolojaezchskyi acknowledged that she has no economic damages and has experienced no mental anguish that would support punitive damages.  Kolojaezchskyi denied those assertions.  At the summary-judgment hearing, the parties addressed only the issue of jurisdiction and consented to pass discussion on the issue of damages.  The district court granted summary judgment to Marriott without stating a basis in its order.

---

[1]  Counsel's affidavit is the only evidence that the complaint was enclosed in October 2002.  Marriott contends that Kolojaezchskyi sent the cover letters and failed to enclose the complaints.

## DISCUSSION

Kolojaezchskyi contends that neither basis of Marriott's motion supports the summary judgment. She contends that there are genuine issues of material fact concerning whether she filed her administrative complaint timely and whether she suffered compensable damages.

We review the trial court's determination of subject-matter jurisdiction de novo. *Guevara v. H.E. Butt Grocery Co.*, 82 S.W.3d 550, 551 (Tex. App.—San Antonio 2002, pet. ref'd). Marriott presented this challenge to the jurisdiction in a traditional summary-judgment motion. To obtain a summary judgment, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-549 (Tex. 1985). A court must take evidence favorable to the non-movant as true, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in its favor. *Nixon*, 690 S.W.2d at 548-49. Once the movant has established a right to a summary judgment, the burden shifts to the nonmovant to present to the trial court evidence that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Marriott's motion centers on whether Kolojaezchskyi timely filed her complaint with the appropriate authority. A complaint of employment discrimination must be filed with TCHR within 180 days of the date the alleged unlawful employment practice occurred. Tex. Lab. Code Ann. § 21.202(a). The TCHR shall dismiss an untimely complaint. *Id.* § 21.202(b) (West 1996). The timely filing of a complaint under the Texas Human Rights Act is "mandatory and jurisdictional." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996).

4

Charges are considered filed with the EEOC upon receipt of the complaint at its offices in Washington, D.C., or any of its field offices. *See* 29 C.F.R. §§ 1601.8, .13(a) (2004); *see also Adams v. Cal-Ark Int'l. Inc.*, 159 F. Supp. 2d 402, 408 (E.D. Tex. 2001). The EEOC is the TCHR's agent for purposes of filing complaints. *Ledesma v. Allstate Ins. Co.*, 68 S.W.3d 765, 767 n.1 (Tex. App.—Dallas 2001, no pet.); *Griffin v. City of Dallas*, 26 F.3d 610, 612-13 (5th Cir. 1994). Both agencies must serve notice of the charge on the person charged within ten days. *See* 42 U.S.C.A. § 2000e-5(e)(1) (West 2003); Tex. Lab. Code Ann. § 21.201(d) (West 1996).

Marriott points to evidence that Kolojaezchskyi filed her complaint late. The EEOC sent the charge of discrimination to Marriott on December 18, 2002; the EEOC stated that it had received the complaint on December 9, 2002—seven days after the 180-day statute of limitations had run. Kolojaezchskyi's deposition testimony can be read as consistent with the EEOC's records. The following colloquy occurred concerning when she signed the complaint dated September 25, 2002:

> Q. And you came out of the coma about the end of December 2002?
>
> A. About the beginning of December.
>
> . . . .
>
> Q. Okay. If you were in a coma, how did you sign it?
>
> A. Because I had signed it afterwards.
>
> Q. You said you were in a coma until the end of December and went into a coma early September. This is signed September 25th.

5

A. Because I believe that that's when this had come to my house. Because I had looked at the date that was on the bottom, and I had to sign it, to get it back to them.

Q. But how could you sign it if you were in a coma?

A  I signed it when I came out of it.

Q. At the end of December?

A. Uh-huh.

This evidence supports the position that the charge was not filed in October.

But some evidence shows that the complaint was signed and sent to the agencies timely. As evidence that she signed the complaint timely, Kolojaezchskyi swore in an affidavit, prepared after her deposition in response to Marriott's motion for summary judgment, that she received the EEOC complaint charge from her attorney in late September, signed it, had it notarized on September 25, 2002, and returned it to her attorney in September, providing some evidence that the charge could have been filed in October. Kolojaezchskyi also states in her affidavit that the lingering effects of her beating and coma have caused her to have difficulty remembering events occurring between September and December 2002. Kolojaezchskyi's counsel submitted an affidavit stating that he had personally sent a cover letter with an attached copy of the complaint, signed and notarized on September 25, 2002, to both the EEOC and the TCHR via certified mail on October 2, 2002. The cover letters state that a complaint is enclosed. The record includes the return receipts from both the EEOC and TCHR showing that, on October 4, 2002, both agencies received correspondence from Kolojaezchskyi's counsel concerning Kolojaezchskyi's complaint.

6

Even without Kolojaezchskyi's affidavit, her attorney's affidavit that the signed charge was mailed on October 2, and the return receipts dated October 4—together with the notary's seal on the charge certifying that Kolojaezchskyi signed it on September 25, 2002—is some evidence that the charge was timely filed. The fact that both agencies issued right-to-sue letters, instead of dismissing the complaint as untimely, is additional evidence that the complaint was timely filed. *See Gorges Foodservice, Inc. v. Huerta*, 964 S.W.2d 656, 664 (Tex. App.—Corpus Christi 1997, pet. withdr.) (jury could infer timely filing of complaint from issuance of right-to-sue letter); *see also* Tex. Lab. Code Ann. § 21.202(b) (directing TCHR to dismiss untimely claims).

This evidence creates a genuine issue of material fact regarding whether Kolojaezchskyi's signed complaint was enclosed in the October 2, 2002 correspondence from her attorney to the two agencies. Her attorney's affidavit that the charge was enclosed may be controverted or disputed, but it is for a fact-finder to settle the issue. Therefore, summary judgment was not appropriate on the basis of subject-matter jurisdiction.

Although the parties agreed not to address the issue of damages at the hearing unless the court rejected Marriott's jurisdictional grounds, it is part of the motion for summary judgment that was granted without a stated basis. When the trial court does not specify the basis for a summary judgment, the appealing party must show that granting it on any ground asserted in the motion for summary judgment is error. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). The record strongly indicates that the district court granted summary judgment only on the basis of the subject-matter jurisdiction, but we will discuss the damages basis, albeit briefly. Marriott contends in its motion for summary judgment that Kolojaezchskyi acknowledged that she

has no economic damages and has experienced no mental anguish to support punitive damages. We have reviewed the issues, evidence, and authorities, and have determined that summary judgment was not appropriate on the damages issues on this record because some evidence creates a fact issue regarding Kolojaezchkyi's entitlement to actual and punitive damages.

## CONCLUSION

Because fact issues exist regarding both possible bases of Marriott's summary judgment, we conclude that the district court erred in granting the summary judgment. We reverse the judgment and remand the cause for further proceedings.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Reversed and Remanded

Filed: October 20, 2005

8