Ollis v. Digital                    CV-95-043-M    10/07/97

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Mary E. Ollis

     v.                                        Civil No. 95-43-M

Digital Equipment Corporation


                          O R D E R


     Defendant, Digital Equipment Corporation, moves for summary judgment on plaintiff's constructive discharge claim.  Ollis objects and submits two affidavits in support of her contention that her working conditions caused her to leave her employment at Digital.  Digital moves to strike parts of Ollis's affidavits, and Ollis moves to strike Digital's motion.  The parties' motions are resolved as follows.


     **1.   Plaintiff's Motion to Strike**

     Ollis moves to strike Digital's motion for leave to file a motion to strike her affidavit and for leave to file a reply memorandum on grounds that Local Rule 7.1(a)(1) requires that motions be filed separately from other pleadings.  Whether or not Local Rule 7.1(a)(1) would literally apply to this situation, a single motion incorporating two requests, Ollis's motion is now moot as Digital has filed a separate motion to strike Ollis's affidavit.  The court grants Digital's request to file a reply memorandum, accepts the reply memorandum attached to the motion, and denies Ollis's motion to strike.  Digital's request for attorney's fees is denied.

## 2. Defendant's Motions to Strike

Digital moves to strike Ollis's affidavit submitted in support of her opposition to Digital's motion for summary judgment (dated June 11, 1997, "June 11 affidavit") and also moves to strike her second affidavit dated June 30, 1997 ("June 30 affidavit"). Affidavits filed in opposition to summary judgment must meet the requirements of Federal Rule of Civil Procedure 56(e):

> affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated there in.

See Pilgrim v. Trustees of Tufts College, 118 F.3d 864, 868 (1st Cir. 1997). The party moving to strike "must specify the objectionable portions of the affidavit and the specific grounds for objection," because the "court will disregard only those portions of an affidavit that are inadmissible and consider the rest of it." Casas Office Machines v. Mita Copystar America, 42 F.3d 668, 682 (1st Cir. 1994). Any objections not raised in a motion to strike are deemed waived. Id.

### a. June 11 Affidavit

Digital first objects to Ollis's statement in her affidavit about her car's loose steering and her conclusion, "I am certain that Evely Gonzalez tampered with it." The court agrees that Ollis's conclusion about Gonzalez does not meet the requirements of Rule 56(e) and is, therefore, stricken.

2

Digital challenges other statements on a variety of grounds. Contradictions between Ollis's factual affidavit statements, challenged in Digital's footnote two, and the affidavits of other people may demonstrate disputed facts, but do not require that Ollis's statements be stricken. Ollis's statement about harassing phone calls, challenged in footnote three, is not directly contradicted by her deposition testimony and is not stricken. Cf. Moore v. Marty Gilman, Inc., 965 F. Supp. 203, 208 (D. Mass. 1997) (explaining that affidavit statements which contradict deposition testimony may be stricken unless the contradiction is satisfactorily explained and citing cases).

The statements quoted in Digital's footnote four are merely Ollis's unfounded speculation and are stricken. Ollis's counsel's attempt to salvage her statements by writing his own version in the objection to Digital's motion to strike is not Ollis's affidavit and cannot be substituted for her affidavit statements.

Ollis's statement, quoted in Digital's footnote five, "That was the final act which convinced me that DEC was not trying to make things better, but worse" is acceptable as a statement of her reason for terminating her employment, but does not establish Digital's intent. The other two statements challenged in footnote five amount to legal argument and Ollis's interpretation of Digital's actions and are not appropriate for inclusion in an affidavit under Rule 56(e). Ollis's statement that Gonzalez was a convicted felon must be based on her personal knowledge of his

3

criminal record, not her information and belief, to be entitled to weight in opposition to summary judgment. See Cadle Co. v. Hayes, 116 F.3d 957, 961 (1st Cir. 1997). In any event, as the statement is irrelevant to the issue of constructive discharge, its appropriate weight need not be decided here.

 b. June 30 Affidavit

Digital challenges a statement in Ollis's second affidavit on grounds that it has not appeared in her prior affidavits and was not recounted during her deposition in response to appropriate questions. In the June 30 affidavit, Ollis states that a day or two after May 25, she saw Gonzalez in the mail room, and she complained to her supervisors. A supervisor told Gonzalez to leave, but Gonzalez came back and told her that she'd be the only loser. The apparently newly-remembered incident is not directly contradicted by Ollis's deposition testimony or prior affidavits. Ollis's failure to include the statement in her prior testimony does not require that it be stricken now, although the circumstances may serve to undermine her credibility as to that statement.

Digital properly challenges the statements quoted in footnote two of its motion to strike. The statements are merely argument and speculation rather than facts that would be admissible in evidence and do not belong in an affidavit. Those statements are stricken and will not be considered in opposition to Digital's motion for summary judgment.

4

### 3.   Digital's Motion for Summary Judgment

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party first must show the absence of a genuine issue of material fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  If that burden is met, the opposing party can avoid summary judgment on issues that it must prove at trial only by providing properly supported evidence of disputed material facts that would require trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Pilgrim, 118 F.3d at 870-71 (conclusory allegations, speculation, and improbable inferences insufficient to avoid summary judgment even in discrimination cases).

The court interprets the record in the light most favorable to the nonmoving party, the plaintiff in this case, and resolves all inferences in her favor.  McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995).  Accordingly, summary judgment will be granted only if the record shows no trial worthy factual issue and the moving party, the defendant here, is entitled to judgment as a matter of law.  EEOC v. Green, 76 F.3d 19, 23 (1st Cir. 1996).  Digital contends that the undisputed facts do not support Ollis's claim for constructive discharge.

5

To maintain a claim for constructive discharge, plaintiff must show that her working conditions were so difficult or unpleasant "that a reasonable person in the employee's shoes would have felt compelled to resign." Serrano-Cruz v. DFI Puerto Rico, Inc., 109 F.3d 23, 26 (1st Cir. 1997) (internal quotation omitted). The employee must also resign because of the discriminatory treatment, so a time gap between the last discriminatory act and the date of resignation will preclude a claim for constructive discharge. See Smith v. Bath Iron Works Corp., 943 F.2d 164, 167 (1st Cir. 1991) (citing cases with examples). In addition, an employee who resigns before circumstances attending the employer's remedial measures can be tested forecloses "the possibility of presenting concrete evidence, rather than mere assertions, to a jury regarding the nature of her new working conditions." Serrano-Cruz, 109 F.3d at 27[1]; see also Tidwell v. Meyer's Bakeries, Inc., 93 F.3d 490, 494 (8th Cir. 1996); Kilgore v. Thompson & Brock Management, Inc., 93 F.3d 752, 754 (11th Cir. 1996).

---

[1] Ollis attempts to distinguish Serrano-Cruz in part on grounds that the plaintiff alleged age discrimination in violation of the ADEA rather than sexual harassment in violation of Title VII. Constructive discharge claims, however, are based upon the same criteria regardless of the specific nature of the underlying discrimination charged by the plaintiff. See, e.g., Aviles-Martines v. Monroig, 963 F.2d 2, 6 (1st Cir. 1992) (42 U.S.C.A. § 1983); Smith, 943 F.2d 164 (Title VII); Alicea Rosado v. Garcia Santiago, 562 F.2d 114, 119 (1st Cir. 1977) (First Amendment). Ollis also argues that Serrano-Cruz is distinguishable because there the plaintiff resigned rather than accept a transfer she found discriminatory, while here Ollis was not transferred. Transfer is not an element of the analysis. Instead, the severity of plaintiff's work conditions determines whether her resignation was reasonable.

Ollis contends that she resigned after months of harassment by Gonzalez because Digital announced that it would change the hours of her shift by one hour, 8:00 a.m. to 5:00 p.m. instead of 7:00 a.m. to 4:00 p.m. The change would have caused Ollis's hours to coincide with all of the other employees on the same shift, including Gonzalez. Ollis gave oral notice of her resignation on May 31, 1994, when the shift hour change was announced to affected employees, and then gave notice in writing on June 6. She worked through June 10, and did not conform to the shift hour change while she worked at Digital.

Ollis contends that the schedule change placed an intolerable burden on her working conditions because of the threat to her safety it created — requiring her to arrive at and leave work at the same time as Gonzalez. She argues that on the seven to four shift she could come and go in daylight in a busy parking area and park near the security area, while the later shift would put her at risk because she would arrive or leave in the dark at the same time Gonzalez was also arriving and leaving. At least in June, when the change was announced and when she resigned, the eight to five shift would not have required her to arrive or leave in the dark and the uniform shift hours would have prevented her from ever being alone with Gonzalez before or after work. In addition, the record establishes that earlier, on May 27, Digital security offered to escort her if she felt uncomfortable. She declined, explaining that she was not concerned for her safety. She did not ask for an escort when the

7

shift hour change was announced four days later. Because Ollis never worked under the new schedule and did not avail herself of the offered escort, she cannot show that the schedule change placed an intolerable burden on her working conditions. See Serrano-Cruz, 109 F.3d at 27.

She also argues that Digital's remedial efforts were ineffective, and that due to harassment by Gonzalez her working conditions were intolerable and caused her resignation. The record establishes that Digital reassigned Gonzalez from the mail room (where he worked with Ollis) to shipping on May 25 or 26.[2] Ollis contends that Gonzalez came back to the mail room within a day or two of May 26. She reported him to her supervisor. Although Gonzalez left, he returned and told her that she would be the "only loser." She did not resign at that time; she did not accept the escort service offered by Digital security, and she reports no further incidents involving Gonzalez.

Ollis argues that Gonzalez's reassignment was ineffective because he still worked in close proximity to her and had access to her work area. While she might be correct — relocating Gonzalez to shipping might not have solved the problem between them or kept him from harassing her in the long term — the record shows that the incidents stopped within a day or two of his transfer. On the record presented here, therefore, Ollis offers nothing about her working conditions on May 31 or through June

_____

[2] Although Ollis argues that Gonzalez was never transferred to shipping, she seems to mean that the transfer was ineffective.

8

10, 1994, that would suggest that a reasonable person in her place would have felt compelled to resign then.  See <u>Tidwell</u>, 93 F.3d at 494 ("To act reasonably, an employee has an obligation not to assume the worst and not to jump to conclusions too quickly.  An employee who quits without giving his employer a reasonable chance to work out a problem has not been constructively discharged." [citations omitted]).

As Ollis has failed to demonstrate facts that would permit consideration of her constructive discharge claim by a jury, Digital is entitled to summary judgment on that claim.


## Conclusion

For the foregoing reasons, plaintiff's motion to strike (document no. 42) is denied, and defendant's motion to file a reply memorandum (document no. 40) is granted.  Defendant's motions for leave and motions to strike (documents nos. 41, 46) are granted in part as explained in this order.  Defendant's motion for summary judgment (document no. 38) is granted.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

October 7, 1997

cc:  Vincent C. Martina, Esq.
     Steven M. Gordon, Esq.
     Richard H. Alpert, Esq.

9