Kleine v. Connell Communications     CV-96-294-M    12/30/96 P
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Tonya Kleine

     v.                                     Civil No.  96-294-M

Connell Communications, Inc.
     and International Data Group


O R D E R


     Tonya Kleine, appearing pro se, brings suit under Title VII
of the Civil Rights Act against her former employer alleging
sexual harassment and retaliation (for filing a previous claim
with the New Hampshire Commission on Human Rights ("NHCHR")).
The defendants move for judgment on the pleadings asserting that
Kleine failed to timely file her complaint.  Because the
applicable time limit cannot be resolved on the current record,
defendants' motion is necessarily denied.

     In considering a motion for judgment on the pleadings, the
court must accept all of the plaintiff's material allegations in
her complaint and all reasonable inferences in the light most
favorable to her.  United States v. Rhode Island Insurers'
Insolvency Fund, 80 F.3d 616, 619 (1st Cir. 1996).  Then, the
motion will not be granted unless all material facts are

undisputed, leaving only questions of law.  <u>Nelson v. University of Maine</u>, 914 F. Supp. 643, 647 (D. Me. 1996).  Thus, to be successful on their motion for judgment on the pleadings, defendants must be able to show that they are entitled to judgment as a matter of law.[1]

Kleine filed a complaint with the New Hampshire Commission for Human Rights ("NHCHR") in early October 1994 alleging sexual harassment and retaliation against her for filing a complaint with company management.  Subsequently, Kleine alleges, she was harassed in retaliation for her NHCHR complaint as well, and, when she refused to quit, she was fired on February 1, 1995.  She considered filing a second complaint with the NHCHR based on retaliation for her original complaint.  After missing the filing deadline with the NHCHR, however, Kleine filed her retaliation complaint with the Equal Employment Opportunity Commission ("EEOC") which complaint was received on November 27, 1995.  After Kleine received the EEOC's notice of dismissal and right to

---

[1] When parties submit matters outside the pleadings as part of a motion for judgment on the pleadings, the motion is to be considered as one for summary judgment. Fed. R. Civ. P. 12(c). Although defendants have submitted a deposition excerpt in support of their motion, it is not necessary and will not be considered. Thus, defendants' motion is not converted to one for summary judgment.

2

sue letter, she filed suit in this court, on June 5, 1996. It appears to be undisputed that the last act of retaliation Kleine alleges was her firing.

Title VII requires plaintiffs to exhaust administrative remedies before filing a Title VII suit in federal court. <u>Lawton v. State Mutual Life Assurance Co. of America</u>, No. 96-1609, 1996 WL 678623 at *1 (1st Cir., Dec. 2, 1996). The general rule requires complaints to be filed with the EEOC within 180 days of the discriminatory act, unless the complaint is first filed with an authorized state agency, in which case it must be filed within 300 days. 42 U.S.C.A. § 2000e-5(e); <u>EEOC v. Commercial Office Products Co.</u>, 486 U.S. 107, 110 (1988). Because authorized state agencies have 60 days of exclusive jurisdiction within which to conduct their own proceedings, a complaint must be filed within 240 days to meet the 300 day limit unless the state agency terminates its proceedings within the 300 day period. 42 U.S.C.A. § 20003-5(c); <u>EEOC</u>, 486 U.S. at 111.

In this case, Kleine filed her complaint with the EEOC on November 27, 1995. Her firing on February 1, 1995, is the last discriminatory or retaliatory event alleged in her complaint. Thus, her EEOC complaint was filed on the 299th day after the last event. Under applicable statutory rules, then, her

3

complaint does not appear to be timely, as it was not first filed with the NHCHR and was not filed with the EEOC within the 180 day limit.

However, application of Title VII's statutory time limits may be affected by the terms of worksharing agreements between the EEOC and authorized state agencies in so-called "deferral states." See, e.g., EEOC, 486 U.S. at 112; EEOC v. Green, 76 F.3d 19, 23 (1st Cir. 1996); Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 750-51 (7th Cir. 1995). Under the terms of worksharing agreements, state agencies may waive the 60-day exclusive period with the effect that the state proceedings terminate at the time of filing and provide the claimant with the full 300-day period to file. See, e.g., EEOC, 486 U.S. at 114-122; Ford v. Bernard Fineson Development Center, 81 F.3d 304, 309-10 (2d Cir. 1996); EEOC v. Green, 76 F.3d at 23 n.6. In addition, when the EEOC and the state agency agree to serve as the other's agent for filing purposes, a complaint filed with the EEOC may be deemed to have been filed with the state agency for purposes of the 300-day period. See EEOC v. Green, 76 F.3d at 23 n.5.

The terms of worksharing agreements may vary and each agreement must be individually construed. See Russell, 51 F.3d

4

at 751.  Unfortunately, neither party has addressed or submitted a copy of the applicable worksharing agreement between the NHCHR[2] and the EEOC.  Other judges in this district have held that under the terms of NHCHR worksharing agreements, NHCHR and the EEOC are agents of each other for purposes of filing complaints and that NHCHR has waived the 60-day exclusive jurisdiction period, allowing claimants the full 300 days to file complaints.  See Madison v. St. Joseph Hospital, No. 95-239-SD at *9-11 (D.N.H. Aug. 28, 1996) (1994 worksharing agreement); Bergstrom v. University of New Hampshire, No. 95-267-JD (D.N.H. Jan. 9, 1996) (1993 worksharing agreement).

Defendants, the parties moving for judgment on the pleadings here, have not filed a copy of the applicable worksharing agreement and have not demonstrated that under its terms Kleine failed to timely file her complaint.  It follows that defendants have not shown that they are entitled to judgment as a matter of law.

Defendants' motion for judgment on the pleadings (document no. 11) is denied.

---

[2]  The NHCHR is certified by the EEOC as an agency that meets Title VII criteria. 29 C.F.R. § 1601.80.

SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

**December 30, 1996**

cc:  Tonya Kleine, pro se
     Michele A. Whitham, Esq.
     Steven E. Hengen, Esq.