Suburban v. Trianco                    CV-94-403-M    12/18/97

UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Suburban Propane, L.P.,
          Plaintiff
     v.                                        Civil No. 94-403-M
Trianco-Heatmaker, Inc.;
Davidson, Gourley & Acker, Inc.; and
Lakeview Condominium Association, Inc.,
          Defendants
     v.
Washington Resources Group, Inc.,
     Third Party Defendant


                        **O R D E R**


     Defendant Lakeview Condominium Association, Inc. moves for

summary judgment in its favor on grounds that it is not jointly

liable with Suburban Propane, Inc., for injuries and deaths at

Lakeview Condominium complex in March 1993, and is not otherwise

obligated to indemnify Suburban.  Suburban objects, arguing that

Lakeview is obligated on both its contribution and

indemnification claims.  For the following reasons, Lakeview's

motion is granted.


                    **Standard of Review**

     Summary judgment is appropriate if the "pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c).[1]  The moving party first must show the absence of a genuine issue of material fact for trial.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986).  If that burden is met, the opposing party can avoid summary judgment on issues that it must prove at trial only by providing properly supported evidence of disputed material facts that would require trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

A genuine factual issue exists if a reasonable jury could decide the issue in favor of the nonmoving party, and a fact is material if its resolution can affect the outcome of the suit under the applicable substantive law.  <u>See</u> <u>Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc.</u>, No. 97-1269, 1997 WL 476360 at *1 (1st Cir. Aug. 26, 1997).  The court interprets the record in the light most favorable to the nonmoving party, Suburban in this case, and resolves all inferences in its favor.  <u>Saenger Organization v. Nationwide Ins. Assoc.</u>, 119 F.3d 55, 57 (1st Cir. 1997).  Nevertheless, Suburban cannot rest on conclusory allegations, unsupported inferences, or speculation to avoid summary judgment on issues it bears the burden to prove at trial. <u>Woods-Leber</u>, 1997 WL 47360 at *2.  Thus, summary judgment will be granted if the record shows no trialworthy factual issue and if

---

[1]The decisional standard applicable to a motion for summary judgment in federal court is provided by federal procedural law. <u>See</u> <u>Erie R. Co. v. Tompkins</u>, 304 U.S. 64 (1938); <u>see also</u> <u>Villarini-Garcia v. Hospital Del Maestro, Inc.</u>, 8 F.3d 81, 86 (1st Cir. 1993).  Lakeview mistakenly relied on the New Hampshire state law standard for summary judgment.

the moving party, Lakeview here, is entitled to judgment as a matter of law.  EEOC v. Green, 76 F.3d 19, 23 (1st Cir. 1996).

## Background[2]

Lakeview Condominium complex is located in Enfield, New Hampshire.  Lakeview Condominium Association, an unincorporated organization of condominium owners, contracted for managerial services from Davidson, Gourley, and Acker ("DGA").  DGA also provided management services for several individual condominium owners in the complex.  Mr. Hoover Sutton, who owned unit 291 in the complex, hired DGA to manage his unit.

In March 1993, David Bowers and Dianne Connors rented condominium unit 291 through DGA.  When Mr. Bowers and Ms. Connors arrived on March 5, they found that the heating system was not working and contacted DGA who in turn hired George "Tony" Dube to repair the furnace.  DGA often used Mr. Dube for heating and plumbing repairs.  Despite Dube's efforts, the furnace continued to malfunction and Mr. Bowers, Ms. Connors, and her son John, spent the night elsewhere.  Mr. Bowers called Suburban the

_____

[2]The parties provide different versions of events just prior to the accident involving the heating unit at Lakeview Condominiums.  Suburban provides record citations only for its statement of material facts in dispute and Lakeview provides an incomplete version of the facts with no citations to the record. See Local Rule 7.2(b) (both parties must submit "a short and concise statement of material facts, supported by record citations, as to which [the moving or adverse party] contends there is no genuine issue to be tried.") Because of the limitations imposed by the parties' submissions, the court provides a factual summary for background purposes only.

next day, and Suburban sent Michael Paquette to repair the furnace.

The tenants spent the night of March 6 in the condominium, unit 291. On Monday, March 8, all three tenants were found in the condominium. Mr. Bowers and the child were dead, and Ms. Connors was unconscious. It was later determined that carbon monoxide leaked from the malfunctioning furnace in their unit and asphyxiated them. In addition, the leaking carbon monoxide affected residents of neighboring condominiums.

Those who were injured and representatives of the estates of those who died filed suit against Suburban alleging negligence in the repair of the furnace, which led to the injuries and deaths. Suburban settled the claims and has paid the plaintiffs in the underlying action the agreed amounts, and, having them meet the prerequisites of New Hampshire's law of contribution, filed suit against Lakeview, DGA, and Trianco-Heatmaker, Inc., seeking contribution and indemnification for the amounts it paid.

## Discussion

Lakeview contends that the undisputed facts do not support Suburban's contribution and indemnification claims against it. Each claim is addressed separately.

## A.   Contribution

Under New Hampshire's statutory law, "a right of contribution exists between or among 2 or more persons who are

4

jointly and severally liable upon the same indivisible claim, or otherwise for the same injury, death or harm, whether or not judgment has been recovered against all or any of them." RSA[3] § 507:7-f, I. Contribution is available following settlement of claims only if "the settlement extinguishes the liability of the person from whom contribution is sought, and then only to the extent that the amount paid in settlement was reasonable." RSA § 507:7-f, II. Thus, a contribution claim depends first upon whether the contribution-defendant was liable for the damages paid to the plaintiffs in the underlying suit.

Suburban's theory of Lakeview's liability is negligence. A negligence claim requires "the existence of a duty flowing from the defendant to the plaintiff and that the defendant's breach of the duty caused the injury for which the plaintiff seeks to recover." Hickingbotham v. Burke, 140 N.H. 28, 34 (1995). Unless a statutory cause of action exists, the existence of a duty must be based on common law, although the standard of care owed under a common law duty may be set by statute. See id. at 30; Stillwater Condominium Ass'n v. Salem, 140 N.H. 505, 506-07 (1995).

Lakeview asserts that it had no responsibility for individual condominium units in the complex, or for the heating systems in each unit, and hence no duty to repair or maintain the furnace in unit 291. Because it had no legal duty, Lakeview

---

[3]Citations and references to New Hampshire Statutes Annotated will be to "RSA."

5

contends it could not have violated any duty owed to the plaintiffs in the underlying suit, and the injuries and deaths caused by the malfunctioning heating system in unit 291 were not the result of any breach by it. Thus, it argues, because it is not liable to the underlying plaintiffs, it cannot be held to contribute to Suburban's settlement payment.

In response, Suburban asserts that Lakeview owed a legal duty to the condominium residents, based on three alternative theories. First, Suburban contends Lakeview had a duty to maintain and repair common areas in the complex. Second, Suburban relies on the condominium by-laws provision related to emergency repairs by the association. Third, Suburban asserts that Lakeview was negligent in the performance of its duty to hire maintenance and repair personnel.

### 1. Responsibility for Common Areas

Suburban asserts that Lakeview was responsible for maintenance and repair of common areas in the complex, based on the condominium by-laws, statutes, and general duties of a landlord. Suburban relies in part on New Hampshire's Condominium Act, RSA § 356-B:41, as imposing a duty on Lakeview. As noted above, negligence liability must be based on breach of a common law duty rather than a statutory duty. See Stillwater, 140 N.H. at 506-07. Assuming, however, that Lakeview had common law duties to maintain common areas, as described by Suburban, Suburban has pointed to no facts which even suggest that any

6

problem in the maintenance or repair of common areas in the complex caused or substantially contributed to the cause of the injuries alleged by plaintiffs in the underlying action.[4]0.[5]

It is undisputed that the malfunctioning furnace in unit 291 was part of that unit and was neither located in nor was it part of a common area. Suburban's theory that carbon monoxide gas from the furnace in unit 291 necessarily traveled through common areas on its way to adjoining units where other residents were injured, while entirely plausible, does not establish that any breach of legal duty by Lakeview allowed passage of the gas. What did Lakeview fail to do with respect to the common areas, that a reasonable condominium association in its position would have done, that caused or contributed to the injuries? No failure of Lakeview's responsibility for maintenance and repair in the common areas is demonstrated in this record.

---

[4]Alternatively, Suburban relies on two California cases to argue that Lakeview should be held to the responsibilities of a landlord, which, Suburban contends, include a duty to exercise due care for the residents of Lakeview.

The cases cited do not support Suburban's theory that a condominium association acts as a landlord and is held to the same duties and responsibilities of a landlord. In Frances T. v. Village Green Owners Ass'n, 723 P.2d 573 (Cal. 1986), the court determined that the association was responsible for lighting in the complex's common areas following a criminal attack on one of the residents in her unit. In O'Connor v. Village Green Owners Ass'n, 662 P.2d 427 (Cal. 1983) the court determined that the owners association was a business within the meaning of California's Civil Rights Act and could not impose an age restriction. Neither case finds that owners associations act as landlords of condominium complexes or defines when an association may be found to act as a landlord.

## 2. Emergency Repairs

Suburban next contends that the condominium by-laws impose a duty on Lakeview to make emergency repairs to a unit to prevent damage to other parts of the complex property. While the by-laws give Lakeview the "power" to make specified emergency repairs at common expense, the provision does not impose a duty on Lakeview to inspect for or prevent emergencies. Suburban has not shown that Lakeview was either aware of, or should reasonably have been aware of an emergency situation in unit 291 that would pose a danger to other parts of the property or other tenants, or even that Lakeview was aware of the malfunctioning furnace in unit 291 at all. Thus, even if Lakeview's right to perform emergency repairs is construed to also impose a duty to do so, the facts Suburban presents do not show that Lakeview failed to exercise its right in the face of an emergency situation which it was or should have been aware.

## 3. Hiring of Repair Personnel

Suburban's final negligence theory is that Lakeview failed to hire appropriate personnel, as required by the by-laws. Suburban's argument again misses the essential link between Lakeview and the accident that occurred in unit 291. While Lakeview had a duty, imposed by the by-laws, to maintain and repair <u>common areas</u>, and was authorized by the by-laws to hire personnel to perform that work, Suburban has not shown that Lakeview had a duty to hire personnel to work on heating systems

8

in individual units.  Further, it is undisputed on the record here that Lakeview did not hire the repair people who worked on the malfunctioning furnace in unit 291.  Therefore, any negligent repair of the furnace was not and could not have been the result of negligent hiring by Lakeview.

Suburban has not shown record facts that would support a legal theory under which Lakeview might be liable to the plaintiffs injured in the condominium accident.  Without a viable theory of Lakeview's liability, Suburban cannot maintain its contribution claim under RSA 507:7-f.  Because no material factual dispute exists as to this issue that requires consideration by a jury, summary judgment is appropriate in favor of Lakeview on Suburban's contribution claim.

## B.   Indemnification

Suburban asserts a right of indemnification from Lakeview arising from their "Commercial Gas Sales and Service Agreement." Paragraph eleven of the Agreement provides as follows:

> Damages: Indemnification
> Buyer releases, indemnifies, and holds Seller, its employees representatives, affiliates, and assigns harmless from and against any demands, claims, liability expenses (including attorneys' fees) resulting from Buyer's use of Seller's Equipment, or from any breach of this Agreement, except if said liability and expenses result from the sole negligence of Seller.  Seller shall not be liable to Buyer or other parties for personal injuries, property damage or other damages (including lost profits), losses or expenses resulting from the exhaustion of Buyer's propane supply.  This provision shall survive the termination or expiration of this Agreement.

By its express terms, the indemnification provision is limited to claims or liabilities arising from Lakeview's use of Suburban's "Equipment." Paragraph two of the Agreement describes the "Equipment" covered by the Agreement as underground propane tanks, vapor meters, and regulators. Suburban seems to concede that the heating system in unit 291, and specifically the malfunctioning furnace, were not "Seller's Equipment" within the meaning of the Agreement.

Nevertheless, Suburban argues that the indemnification provision in the Agreement applies because "the system-wide pressure may have affected the performance of the appliance and been a factor in the accident." Suburban refers generally to an accident investigation report by a mechanical engineer to support its assertion that system gas pressure played a role in the accident. While the report notes mechanical problems with the furnace and concludes that Suburban's repair person, Michael Paquette, performed satisfactory work on the furnace, the report contains no obvious discussion of a causal problem related to system-wide pressure. Absent a more specific reference, or additional facts, Suburban has not presented factual information in the record necessary to support its causation theory. In addition, even if Suburban could show that the system-wide gas pressure contributed to cause the accident, it has not shown that such pressure would have been covered by the indemnity provision, or even that someone should have recognized a problem associated with that pressure.

10

Suburban hopes to avoid summary judgment on its indemnification claim based on its suggestion that the gas pressure "may have affected" the heating system. Gas pressure probably always "affects" a heating system in one way or another — the gas has to flow to the furnace to be burned. But when speculation is required to draw an inference from the record, the inference is not reasonable and cannot provide support in opposition to summary judgment. See Mulero-Rodriquez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996). Accordingly, no triable issue has been presented on the record here pertaining to Lakeview's asserted obligation under the Agreement to indemnify Suburban for claims and liabilities arising from the accident in unit 291, and Lakeview has no such obligation as a matter of law.

## Conclusion

For the foregoing reasons, defendant's motion for summary judgment (document no. 65) is granted.

**SO ORDERED.**

                                     _____
                                     Steven J. McAuliffe
                                     United States District Judge

December 18, 1997

cc:  John E. Friberg, Esq.
     Marc R. Scheer, Esq.
     Joseph M. McDonough, III, Esq.
     James E. Owers, Esq.
     Michael B. O'Shaughnessy, Esq.
     William L. Tanguay, Esq.