Pulvers v. Loon Mountain            CV-97-355-M    02/04/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


David Pulver and Lisa Pulver

    v.                                      Civil No. 97-355-M

Loon Mountain Recreation Corporation


# O R D E R


David and Lisa Pulver brought suit against Loon Mountain seeking damages to compensate them for injuries David received in an accident at the Loon Mountain In-Line Roller Skate Center. Loon Mountain has filed a motion to dismiss the Pulvers' suit based on a release David signed before the accident. For the reasons that follow, defendant's motion to dismiss is denied.


## Standard of Review

Although Loon captions its pleading as a motion to dismiss, it has submitted an affidavit and a copy of the release agreement at issue in its motion.[1] Plaintiffs have also submitted an affidavit and a copy of the release with their objection to the motion. Accordingly, as both sides rely on materials outside the pleadings, the motion is converted to one for summary judgment. See Fed. R. Civ. P. 12(c).

---

[1]Loon's motion ordinarily would be considered as a motion for judgment on the pleadings rather than a motion to dismiss since Loon filed its answer before filing the motion. See Fed. R. Civ. P. 7(a), 12(c).

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party first must show the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). If that burden is met, the opposing party can avoid summary judgment on issues that it must prove at trial only by providing properly supported evidence of disputed material facts that would require trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court interprets the record in the light most favorable to the nonmoving party and resolves all inferences in its favor. Saenger Organization v. Nationwide Ins. Assoc., 119 F.3d 55, 57 (1st Cir. 1997). Thus, summary judgment will be granted if the record shows no trialworthy factual issue and if the moving party is entitled to judgment as a matter of law. EEOC v. Green, 76 F.3d 19, 23 (1st Cir. 1996).

## Discussion

The material background facts are not disputed for purposes of this motion. David Pulver rented in-line roller skates and protective gear at the Loon Mountain Roller Skate Center on August 1, 1994. As part of his rental of the equipment, David signed a release agreement. After donning the rented equipment,

2

David began to skate around Loon's skating arena.  He soon skated into sand and other debris on the skating surface and fell, injuring his left wrist.

Loon contends that under the terms of the equipment rental agreement, David released Loon from all liability for injuries sustained while skating at the arena.  The Loon agreement, which David signed, provides in pertinent part as follows:

> I accept for use, as is, the equipment listed on this form and accept full responsibility for its care while it is in my possession.  I have made no misrepresentation to Loon Mountain regarding my name, address or age.  I agree to hold harmless and indemnify Loon Mountain Recreation Corporation and its owners, agents and employees for any loss or damage, including any that result from claims for personal injury or property damage related to the use of this equipment, except reasonable wear and tear.
>
> I understand and am aware that in-line roller skating is a **HAZARDOUS ACTIVITY.**  I understand that the above activity and the use of in-line roller skates involves a risk of injury to any and all parts of my body.  I hereby agree to freely and expressly assume and accept any and all risks of injury or death from the use of this equipment while participating in this activity.
>
> I understand that it is not possible to predict every situation and condition of the terrain the in-line roller skates will be ridden on; therefore, it is impossible to guarantee the roller skates I rented will react safely in all riding situations.
>
> I realize that it is mandatory that I wear a helmet and appropriate pads at all times while roller skating.
>
> I therefore release Loon Mountain Recreation Corporation, its owners, agents and employees FROM ANY AND ALL LIABILITY FOR DAMAGES AND PERSONAL INJURY TO MYSELF OR ANY PERSON OR PROPERTY RESULTING FROM THE NEGLIGENCE OF LOON MOUNTAIN RECREATION CORPORATION TO INCLUDE NEGLIGENCE IN SELECTION, ADJUSTMENT OR ANY MAINTENANCE OF ANY EQUIPMENT, accepting myself the full responsibility for any and all damages or injury of any kind which may result. **(PLEASE SIGN: _____)**

3

> I agree that there have been no warranties, expressed or implied, which have been made to me which extend beyond the description of the equipment listed on this form. I the undersigned, acknowledge that I have carefully read this agreement and release of liability, and I understand its contents. I understand that my signature below expressly waives any rights I have to sue Loon Mountain Recreation Corporation for injuries and damages.

The New Hampshire Supreme Court recently analyzed a Loon Mountain release agreement used in connection with a horseback riding tour and denied summary judgment, holding that the language did not so clearly release Loon from liability to permit judgment as a matter of law. See Wright v. Loon Mt. Recreation Corp., 140 N.H. 166 (1995). Loon's release agreement in Wright is nearly identical in all material respects to Loon's agreement at issue here -- the different language merely reflects the different activities covered by the two agreements--horseback riding and roller skating.

In Wright, plaintiff was injured when the tour guide's horse kicked plaintiff in the leg during the tour. Plaintiff argued that the exculpatory language in the release was not sufficiently clear to put her on notice that by the signing the agreement she agreed to release Loon from liability for its own negligence. Id. at 169. The court examined the release language and held that the exculpatory language was unclear in that a reasonable person in plaintiff's position might have understood that the agreement released Loon for only the listed types of negligence: "to include negligence in selection, adjustment or any maintenance of any horse." Id. at 170. In addition, the court

4

found that the language was unclear as to liability for injuries caused by horses <u>other</u> <u>than</u> the one plaintiff was riding. <u>Id.</u> at 171. The court concluded, "The exculpatory contract lacks a straightforward statement of the defendant's intent to avoid liability for its failure to use reasonable care in any way." <u>Id.</u> at 171-72.

Loon argues that the court's analysis in <u>Wright</u> is inapplicable here because "the release language in this case is clear and simple and expressly covers the plaintiff's allegations." In particular, Loon argues that the release here "explicitly refers to the terrain upon which Mr. Pulver would be skating." In paragraph three, the release does say that "it is not possible to predict every situation and condition of the terrain the in-line roller skates will be ridden on," and continues "therefore, it is impossible to guarantee the roller skates I rented will react safely in all riding situations." In context of the paragraph, therefore, the language could be reasonably interpreted to mean that the renter agrees that Loon does not "guarantee" the safe performance of the <u>rented</u> <u>skates</u> over uncertain terrain. In that clause, the release seems to envision use of the skates on terrain outside of the arena. The release does not mention the condition of the skating surface provided by Loon in the arena, or possible negligence by Loon in maintaining the arena's surface for skating.

As in <u>Wright</u>, the clause that purports to generally release Loon from liability for personal injury and damages includes a

5

list of potential negligent actions: "to include negligence in selection, adjustment or any maintenance of any equipment." The court in Wright found the same language to be unclear in light of the whole agreement, which focused on the dangers of horseback riding rather than dangers resulting from the tour guide's negligence. Here, the agreement focuses on the dangers of in-line skating rather than dangers arising from negligent maintenance of the arena surface.

While the release agreement may effectively preclude liability for injuries caused by negligent selection, adjustment, or maintenance of the rented equipment, it includes neither an express release of liability for injuries caused by Loon's negligence with respect to the skating surface, nor a general release from liability for all injury caused by Loon's negligence. As in Wright, the release here "lacks a straightforward statement of the defendant's intent to avoid liability for its failure to use reasonable care," 140 N.H. at 171-72, in the circumstances alleged by plaintiffs. Because the release language is not so clear as to permit only one interpretation, the exculpatory effect of the release cannot be determined as a matter of law.

## Conclusion

For the foregoing reasons, Loon's motion to dismiss (document no. 5) is denied.

6

**SO ORDERED.**

                                        _____

                                        Steven J. McAuliffe
                                        United States District Judge

February 4, 1998

cc:  Frederick E. Upshall, Jr., Esq.
      Joseph M. McDonough, III, Esq.