Aetna v. Inner-City, et al.          CV-96-556-M    02/12/98
                    UNITED STATES DISTRICT COURT

                       DISTRICT OF NEW HAMPSHIRE

Aetna Casualty and Surety Co.

     v.                                    Civil No. 96-556-M

Inner-City Construction Co., Inc.
and Paul E. Pandelena

                          **O R D E R**

     Defendants, Inner-City Construction Co., Inc. and Paul
Pandelena, move for summary judgment with respect to Aetna's
fraud claim.  In response, Aetna contends that defendants' motion
is untimely since the parties agreed in their "Report on Joint
Plan of Discovery" to file all dispositive motions before August
1, 1997.  Aetna also contests the merits of defendants' motion.
For the reasons that follow, defendants' motion is denied.

     Defendants filed their motion for summary judgment on
December 17, 1997, without a request, pursuant to Federal Rule of
Civil Procedure 6(b), for an extension of the parties' agreed
August 1 deadline.  Neither did Aetna mention the August 1
deadline in its motion for an extension of time to respond to
defendants motion for summary judgment.  Aetna interposed the
timeliness issue in its objection filed on February 4, but has
not suggested that defendants' late filing prejudiced its ability
to respond.  Under these circumstances, the court will accept
defendants' late-filed motion.

## Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party first must show the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). If that burden is met, the opposing party can avoid summary judgment on issues that it must prove at trial only by providing properly supported evidence of disputed material facts that would require trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court interprets the record in the light most favorable to the nonmoving party and resolves all inferences in its favor. Saenger Organization v. Nationwide Ins. Assoc., 119 F.3d 55, 57 (1st Cir. 1997). Thus, summary judgment will be granted if the record shows no trialworthy factual issue and if the moving party is entitled to judgment as a matter of law. EEOC v. Green, 76 F.3d 19, 23 (1st Cir. 1996).

## Background

In 1994 and 1995, defendant Inter-City Construction Company was a general contracting company specializing in road and site construction. Defendant Paul Pandelena, president of Inter-City, applied for bonding for construction projects through Inter-

2

City's insurance agent, William VerPlanck of The Rowley Agency. Pandelena submitted personal financial statements in support of the bonding applications for Inter-City in which he listed a house and securities as comprising his assets.

Pandelena told VerPlanck, before including the house and securities in his statement, that he held title to those assets for his father, and that he would not use either for business purposes. In addition, Pandelena explained that he held joint title to the securities with his mother. Pandelena's financial statement did not reflect his limited interest in the house or the securities. In May 1994, after Pandelena completed his application, he transferred the house and securities to a trust; he was not a beneficiary. The first bonding application was submitted by VerPlanck to Aetna in June 1994. In January 1995, Pandelena submitted a new financial statement through VerPlanck to Aetna in which he continued to list the securities and the house as assets.

Aetna issued performance and payment bonds for six construction projects for Inter-City, and has paid claims on bonds for five of the projects. Aetna agrees that the bonds it issued on the Haverhill project were returned and makes no claim based on those bonds.

## Discussion

Aetna filed suit against Inter-City and Pandelena alleging breach of their indemnity and security agreement and fraud.

3

Defendants move for summary judgment on the fraud claim arguing that the record shows that Pandelena owned the property listed in his financial statements and that he lacked the requisite fraudulent intent.

A. <u>**Ownership of Property**</u>

The record submitted for summary judgment shows that Pandelena held legal title to the house and shared legal title to the securities when he completed his financial statement in February 1994, but held title to neither when his application was submitted to Aetna in June 1994. The parties have not addressed whether Pandelena had an obligation to update his financial information before the application was filed, though that would seem likely. In addition, when he first completed and signed the financial statement, Pandelena understood that he held legal title only; that both properties were owned by his father, not him; that he had no ownership interest or interest of value; and, he felt obligated not to use the properties in his own business interests. By the time he completed and signed his financial statement in 1995, he owned neither property.

Since the record, in fact, shows that Pandelena's interest in the house and securities in 1994 (such as it was) was probably subject to other claims, not listed in his financial statement, and that he did not even hold bare legal title to the assets in 1995, Pandelena's ownership interest in the house and securities is at least disputed.

4

## B.  **Fraudulent Intent**

To prove fraud, plaintiff must show "'that the [other party] intentionally made material false statements which [he] knew to be false or which he had no knowledge or belief were true, for the purpose of causing, and which does cause, the [party alleging fraud] reasonably to rely to his detriment.'"  Snow v. American Morgan Horse Ass'n, Inc., 141 N.H. 467, 468 (1997) (quoting Caledonia, Inc. v. Trainor, 123 N.H. 116, 124 (1983)). Defendants contend that the record establishes that Pandelena did not include the house and securities in his financial statements with a fraudulent intent.  Defendants argue that because Pandelena disclosed the limitations on his rights to the house and securities to his insurance agent, VerPlanck, and relied on VerPlanck's advice to include the properties in his statements, he did not intend to deceive Aetna.

First, VerPlanck was Inter-City's agent, not Aetna's agent, and, therefore, disclosures to VerPlanck are not imputed to Aetna.  Second, the record does not show that VerPlanck informed Aetna of Pandelena's limited or nonexistent ownership interest in the house and securities.  At best, that is a disputed issue. Third, if Pandelena can show at trial that he reasonably relied on VerPlanck's advice to include the properties in his financial statements, that might provide some evidence of his lack of intent to deceive.  Defendants have not, however, established that fact here, nor would that circumstance necessarily entitle them to summary judgment on the question of fraudulent intent.

5

As defendants have not demonstrated, based on undisputed facts in the record, that they are entitled to judgment as a matter of law on Aetna's fraud claim, summary judgment is not appropriate.

## Conclusion

For the foregoing reasons, defendants' motion for summary judgment (document no. 11) is denied.

**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

February 12, 1998

cc:  John P. Connelly, Esq.
     Edward D. Philpot, Jr., Esq.