West Main v. Lumber Mutual          CV-97-272-M    05/18/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


West Main Street Land Co., Inc,
      Plaintiff

      v.                                        Civil No. 97-272-M

Lumber Mutual Insurance Co.,
      Defendant


**O R D E R**


Plaintiff, West Main Street Land Company, sued its insurer, Lumber Mutual Insurance Company, for coverage of losses caused by fire damage to its buildings in North Conway.  West Main now moves for summary judgment, contending that its policy with Lumber Mutual covered the fire damage that occurred, that there are no disputed material facts and that Lumber Mutual has denied payment in bad faith.  For the reasons that follow, West Main's motion for summary judgment is denied.


**STANDARD OF REVIEW**

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party first must show the absence of a genuine issue of material fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  If that burden is met, the

opposing party can avoid summary judgment on issues that it must prove at trial only by providing properly supported evidence of disputed material facts that would require trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court interprets the record in the light most favorable to the nonmoving party and resolves all inferences in its favor. Saenger Organization v. Nationwide Ins. Assoc., 119 F.3d 55, 57 (1st Cir. 1997). Thus, summary judgment will be granted only if the record shows no trialworthy factual issue and if the moving party is entitled to judgment as a matter of law. EEOC v. Green, 76 F.3d 19, 23 (1st Cir. 1996).

## BACKGROUND

Plaintiff included a statement of facts, as required by the local rules of this court, but did not include "appropriate record citations," as is also required. LR 7.2(b)(1) (emphasis added). Instead, plaintiff often refers to documents submitted in the record that are not properly identified, authenticated, or sworn. See Fed. R. Civ. P. 56(e). For its part, defendant did not even provide a factual statement, and thus may be deemed to have admitted plaintiff's facts for purposes of this motion, except for the matter of whether plaintiff notified defendant about the critical sprinkler malfunction. See LR 7.2(b)(2). Many of the materials defendant submitted in support of its opposition to summary judgment also do not meet the requirements

2

of Rule 56(e).  Given the parties' nonconforming submissions, the facts are summarized here for background purposes only.

West Main owns property in Conway including several buildings and a lumber business.  In December 1995, the sprinkler system covering two of West Main's buildings, #1 and #2,[1] malfunctioned, causing water seepage into the buildings.  Because building #2 was not heated, the water in the sprinkler system froze and the system could not be drained or repaired.  West Main repaired and drained the sprinkler system in building #1, isolating that system from building #2, with the intent to repair building #2's system when warmer weather arrived.  In the early hours of April 15, 1996, before the sprinkler system in building #2 was repaired, a fire broke out in building #2 and spread to building #1.  The sprinkler system worked in building #1, limiting the damage, but building #2 was a total loss.

Mutual Lumber Insurance Company insured West Main's property against fire damage for the period between July 1, 1995, and July 1, 1996.  An endorsement to the policy required West Main to notify the insurance company if any of its protective safeguards,

---

[1]Although West Main identifies its fire-damaged buildings as #1 and #2 in its factual statement, its description of building #2 seems to better match "building three" in the Fraser Insurance Services letter West Main references in support of its facts.  In addition, West Main then discusses burst pipes in "building #3," citing the same Fraser Services letter as support.  Adding further confusion, Lumber Mutual submits a letter from Douglas C. Peterson & Associates, Inc. to Mark Fraser about the fire, which refers to "the front warehouse (#3) and the main warehouse (#4)" and explains that "the main warehouse (#4)" was the building that burned.  The discrepancies in identifying the various buildings are not explained and make it difficult to understand the parties' claims with respect to particular buildings.

3

including the sprinkler systems, were impaired or not operating.[2] The parties agree that the endorsement applied to the sprinkler system in building #2 and that the system was not operating for more than forty-eight hours.

The parties dispute whether West Main notified Mutual Lumber that the sprinkler system in building #2 was not functioning. West Main contends that in late December its manager, A. O. Lucy, called Lumber Mutual on its "800" number to report the problem with the sprinkler system in building #2 and then followed up the call by sending a written note on January 11. Lumber Mutual argues that it never received the call or the note and that neither event is confirmed in its records, or in West Main's records.

Frazer Insurance Services inspected West Main's property for Mutual Lumber and sent a report dated May 9, 1996, concerning the condition of the property, the circumstances of the fire, and estimates of loss. Another building on the West Main property,

---

[2]Specifically, the applicable endorsement provided:

A. This insurance will be automatically suspended at the involved location if you fail to notify us immediately when you:
1. Know of any suspension or impairment in the protective safeguards; or
2. Fail to maintain the protective safeguards over which you have control in complete working order.

If part of an Automatic Sprinkler System is shut off due to breakage, leakage, freezing conditions or opening of sprinkler heads, notification to us will not be necessary if you can restore full protection within 48 hours.

4

identified as building #3, was damaged in January 1996 when the pipes froze after the building's heating system malfunctioned.

Lumber Mutual has denied coverage on West Main's claims for all three buildings. West Main filed suit in state court alleging breach of the insurance contract and bad faith. Lumber Mutual removed the action to this court.

## DISCUSSION

The parties do not dispute the meaning of the applicable insurance policy, and they agree that the policy required West Main to notify Mutual Lumber that the sprinkler system in building #2 was not functioning. So, whether West Main notified Mutual Lumber, as the policy required, is a material fact, at least for purposes of summary judgment. West Main argues that while it must initially show Lumber Mutual's policy provides coverage for West Main's loss, Lumber Mutual bears the burden of proving that it properly denied coverage.

West Main's burden-shifting analysis applies in declaratory judgment actions brought under the New Hampshire declaratory judgment statute. N.H. Rev. Stat. Ann. § 491:22(a); Winnacunnet Cooperative School District v. National Union Fire Ins. Co., 84 F.3d 32, 35 (1996). West Main, however, did not file a declaratory judgment action, but instead brought traditional breach of contract claims against Mutual Lumber, in which the plaintiff ordinarily bears the burden of proving that the contract has been breached. See New Hampshire Ball Bearings v.

5

<u>Aetna Casualty</u>, 848 F. Supp. 1082, 1089 (D.N.H. 1994), <u>reversed in part on other grounds</u>, 43 F.3d 749 (1st Cir. 1995).

In order to merit summary judgment, the moving party must show that based on undisputed material facts, it is entitled to judgment as a matter of law. The burden of proof is important, since the material factual issue – whether or not West Main gave the required notice that the sprinkler system in building #2 was not functioning – seems to turn on the <u>absence</u> of evidence.[3] Neither side has produced a telephone record of the call West Main alleges was made to Lumber Mutual (or to Lumber Mutual's agent) or a record that shows that no such call was made during the applicable time, and neither has shown conclusively that Lucy's written note was actually sent in January, or that it was not received.

West Main contends, without references to record support, that Lumber Mutual lost or destroyed applicable records in bad faith and asks that an inference be drawn against Lumber Mutual. No such inference is appropriate on the record presented here for summary judgment as West Main has not offered any direct or circumstantial evidence tending to show that Lumber Mutual destroyed or lost material documents or records. <u>Cf.</u> <u>Blinzler v. Marriott Int'l, Inc.</u>, 81 F.3d 1148, 1158-59 (1st Cir. 1996) (inference against defendant when defendant destroys documents

---

[3]Although West Main discusses an affidavit by A. O. Lucy, there is no citation to the record related to the affidavit, and it does not appear to be included in the record.

that are pertinent to litigation with notice of their importance).

Based on the record presented for summary judgment, West Main has not shown that it gave notice to Mutual Lumber that the sprinkler system in building #2 was not functioning. West Main also has not demonstrated that the New Hampshire Supreme Court would place the burden of proof on an insurer to prove lack of coverage under the terms of an endorsement. Cf. BDA v. General Accident Ins. Co., 48 F.3d 30, 37 (1st Cir. 1995) (Massachusetts rules of construction for breach of insurance contract). Thus, a material factual issue remains as to whether notice was actually given.

West Main contends that Lumber Mutual's coverage obligation with respect to building #1 is not affected by the notice issue since the sprinkler system there was fixed and operational at the time of the fire. Mutual Lumber counters that West Main's notice obligation was a condition of coverage on all buildings, not just building #2. Mutual Lumber also points out that because the fire started in building #2, where the sprinkler was not functioning, and then spread to building #1, notice was material to the damage to building #1. Again, a material factual dispute exists, precluding summary judgment, and, in addition, the parties seem to dispute the meaning or extent of the notice requirement in the endorsement. The parties have not discussed proper interpretation of the notice requirement in sufficient detail to permit analysis on this record.

7

Similarly, to the extent West Main intends to argue that Mutual Lumber is bound by statements made in a letter from Mark Fraser, Fraser Insurance Services, to Jack Warren, Lumber Mutual, concerning West Main's fire damage, it has provided neither legal nor factual basis for its argument. The mere existence of the letter is insufficient to establish its agency theory.

West Main mentions a claim for coverage of damage from burst pipes in "building #3" caused by a malfunctioning boiler, and says that Lumber Mutual improperly refused coverage. Lumber Mutual disputes the claim and has submitted a letter from Fraser Services that discusses the circumstances and amount of loss that occurred on January 9, 1996, when an oil fired burner malfunctioned causing a building to freeze during the night. Mutual Lumber asserts that the frozen building claim is not covered because West Main failed to comply with an express policy requirement obligating the insured to protect the property, and because the loss is excluded by other provisions of the policy. West Main's presentation of the claim related to "building #3" is undeveloped, making it doubtful that the claim was intended to be included in the present motion, but if so, the claim for coverage for damage to "building #3" is plainly inadequate for summary judgment consideration.

## CONCLUSION

For the foregoing reasons, plaintiff's motion (document no. 6) is denied.

8

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 18, 1998

cc:   Peter G. Hastings, Esq.
      Jack B. Middleton, Esq.
      Russell F. Hilliard, Esq.